### No. 9843.

### YEAGER *v.* CAMPION.

#### Decided May 2, 1921.

Action in damages for breach of warranty.    Judgment for plaintiff and costs assessed against him.

#### *Affirmed.*

1. APPEAL AND ERROR—*Record.*  Assignments of error based on matters not contained in the record will not be considered on review.

2.        *Conflicting Evidence.*  Findings of fact based on conflicting evidence, will not be disturbed by the appellate court.

3. COSTS—*Tender.*  Where tender was made by defendant of the amount admitted to be due plaintiff, which tender was refused, and judgment did not exceed the amount of the tender, the costs were properly taxed to plaintiff.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Mr. DUNCAN MCPHAIL, for plaintiff in error.

No appearance for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error sued the defendant in error before a justice of the peace on a claim for $12.50 due for wages and had judgment for that amount.   On appeal to the county court by the defendant, plaintiff had judgment for

$10, and the costs were assessed to him. He brings error and contends that the judgment should be reversed because, as he asserts the judgment was rendered in his favor for $12.50 by Judge Rothgerber on default, and that subsequently the cause was tried before Judge Ingram sitting for Judge Rothgerber without, as plaintiff in error asserts, the judgment by default having been set aside.

The record contains no entry of the judgment by default, and we cannot therefore consider the question thus attempted to be presented. There was a conflict of evidence on the contract of employment, and the findings of the court cannot therefore be disturbed. There was also evidence that the defendant below tendered to the plaintiff the sum of $10, which the defendant claimed was the amount due, which tender was rejected by the plaintiff. His testimony in the trial court was that he would have $12.50 or nothing. The judgment of the county court appears to be fully sustained by the evidence and it is therefore affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.